UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-02653-RGK-PJW | Date | May 27, 2020 |
|---|---|---|---|
| Title | *JANICE WRIGHT v. COSTCO WHOLESALE CORPORATION, et al* | | |

Present: The Honorable   R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE

| Sharon L. Williams (not present) | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiff:          Attorneys Present for Defendants:

Not Present                                              Not Present

**Proceedings:**   **(IN CHAMBERS)** Order Re: Plaintiff's Motion for Leave to File First Amended Complaint and to Remand Action to State Court (DE 14)

## I. INTRODUCTION

On January 23, 2020, Janice Wright ("Plaintiff") filed a complaint against Costco Wholesale Corporation ("Defendant") in state court, alleging claims of premises liability and negligence arising out of a slip and fall accident in one of Defendant's stores. On March 20, 2020, Defendant removed this action to federal court based on diversity jurisdiction.

Presently before the Court is Plaintiff's Motion for Leave to File First Amended Complaint and to Remand Action to State Court. Plaintiff seeks to name Defendant's store manager and maintenance supervisor, both of whom are California citizens, as additional defendants. Plaintiff further requests remand of the action, based on lack of diversity jurisdiction. For the following reasons, the Court **GRANTS** Plaintiff's Motion.

## II. FACTUAL BACKGROUND

On January 29, 2018, while shopping at Costco, Plaintiff slipped and fell on smashed blueberries and their resulting juice that had been left on the floor for an extended period of time. As a result, Plaintiff allegedly suffered injuries and related damages.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES - GENERAL

| Case No. | 2:20-cv-02653-RGK-PJW | Date | May 27, 2020 |
|---|---|---|---|
| Title | *JANICE WRIGHT v. COSTCO WHOLESALE CORPORATION, et al* | | |

### III. JUDICIAL STANDARD

#### A. Rule 15(a)(2) – Leave to Amend

Federal Rule of Civil Procedure ("Rule") 15(a)(2) allows a party to amend its pleading with the court's leave, providing that "the court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). This policy should be applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). Generally, a court will grant the motion unless the opposing party can substantially show one of the *Foman* factors: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Of the *Foman* factors, undue prejudice is the most important, and the burden is on the opposing party to show prejudice. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

#### B. 28 U.S.C. § 1447(e) – Joinder

Where a plaintiff seeks to join an additional defendant after removal, it is within the court's discretion under 28 U.S.C. § 1447(e) whether to permit joinder of a party that will destroy diversity jurisdiction. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998). The court may "deny joinder[] or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e).

### IV. DISCUSSION

Plaintiff seeks leave to add as defendants, Russell Lee ("Lee") and Solidad Millan ("Millan"), who were allegedly the store manager and maintenance supervisor on the day of the accident. Plaintiff also requests an order remanding the action to state court. Having considered all the relevant factors, the Court finds that both leave to amend and remand are proper.

#### A. Leave to Amend

Of the *Foman* factors, the "consideration of prejudice to the opposing party . . . carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052. Absent a showing of the *Foman* factors for denying leave, "there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Id*.

Here, Plaintiff has filed her request to add Lee and Millan early in the litigation, before scheduling dates, including the last day to add parties or amend pleadings, have even been set. This fact bolsters the presumption in favor of amending under Rule 15(a), and Defendant has failed to offer any

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-02653-RGK-PJW | Date | May 27, 2020 |
|---|---|---|---|
| Title | *JANICE WRIGHT v. COSTCO WHOLESALE CORPORATION, et al* | | |

compelling facts to rebut the presumption, particularly with regard to prejudice. In its opposition, Defendant raises questions regarding the roles of Lee and Millan at the time of Plaintiff's accident, and argues that Lee and Millan are not necessary parties under Rule 19(a). Defendant also argues that the proposed FAC does not allege any facts against Lee or Millan asserting liability outside of that covered under *respondeat superior*. Defendant argues, therefore, that based on the timing of Plaintiff's request, it is clear Plaintiff seeks to add the parties for purposes of defeating diversity jurisdiction.

However, Defendant has not convinced the Court that Plaintiff's proposed claims against Lee and Millan are invalid, or that the individuals would otherwise be sham defendants. Nor is there any indication of prejudice to Defendant. In light of the early stage of litigation, Plaintiff's timely request for leave to amend, her potentially valid claims against Lee and Millan, the lack of prejudice to Defendant, and the presumption in favor of granting leave to amend, the Court finds that leave to amend is proper.

  **B.** **Remand**

Under § 1447(e), "[t]he decision regarding joinder of a diversity destroying-defendant is left to the discretion of the district court…." *Newcombe*, 157 F.3d at 691. As discussed above, the Court finds that it is proper to allow Plaintiff to amend her Complaint, adding Lee and Millan as defendants and destroying diversity. Accordingly, the Court permits joinder and remands the action to state court in its discretion under § 1447(e).

**V.** **CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion for Leave to Amend and **REMANDS** this action to state court.

  **IT IS SO ORDERED.**

                              :

                Initials of Preparer